IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NASIRUDDIN NAYANI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:06-CV-01540-M |
| § | |
| HORSESHOE ENTERTAINMENT, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Horseshoe Entertainment's Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2) and Improper Venue under Rule 12(b)(3) and Motion to Strike portions of Plaintiff's Reply Appendix. For the reasons set forth below, both motions are **DENIED**.

### I. FACTUAL BACKGROUND

This dispute arises out of a lawsuit currently pending in Louisiana state court in which Horseshoe Entertainment ("Horseshoe"), a Louisiana limited liability partnership, sued Nasiruddin Nayani, a Texas resident, to collect on a debt purportedly owed on a contract between Horseshoe and Nayani. Under the contract, Horseshoe provided Nayani with a line of credit of up to $20,000 in its casino. The contract included a forum selection clause, which provided that, if Horseshoe sued to collect on any amounts owing, Nayani would submit to the jurisdiction of Louisiana. On September 15, 2005, Horseshoe filed suit in Louisiana state court, seeking to collect $20,000 in debts on the contract, $1000 in fees, and $20,000 in statutory damages. On December 19, 2005, the court entered a default judgment in favor of Horseshoe. In December,

1

this judgment was reported on Nayani's credit report. On Nayani's motion, on April 18, 2006, the court set aside the default judgment and ordered a new trial. That matter is apparently still pending.

On March 10, 2006, Nayani asked Horseshoe to remove the judgment from his credit report, but Horseshoe failed to do so. On June 21, 2006, in Texas state court, Nayani sued Horseshoe for reporting the default judgment on Nayani's credit and for failing to remove it when the default judgment was set aside.[1] Following removal of the case to this Court on the basis of diversity of citizenship, Horseshoe filed this motion, asserting that this Court lacked personal jurisdiction over it and, subject to that motion, that venue is improper.

## II. STANDARD OF REVIEW

When a nonresident defendant moves under Rule 12(b)(2) to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001); *Rossi v. Wohl*, No. 3-06-CV-292, 2006 WL 2371307, at *2 (N.D. Tex. 2006) (Lynn, J.). When no evidentiary hearing is held, the plaintiff may satisfy its burden by presenting a prima facie case for jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867–68 (5th Cir. 2001). When determining whether the plaintiff has made a prima facie case, the complaint's uncontradicted facts must be taken as true, and all factual conflicts must be resolved in the plaintiff's favor. *Panda Brandywine Corp.*, 253 F.3d at 867–68. In making its determination, the court may consider any affidavits, interrogatories, deposition testimony, or other recognized discovery method. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). The court is not, however, required to consider

---

[1] The judgment apparently still appears on Nayani's credit report.

conclusory allegations. *Panda Brandywine Corp.*, 253 F.3d at 869.

Similarly, when a defendant moves under Rule 12(b)(3) to dismiss because of improper venue, the plaintiff bears the burden of sustaining venue in the district in which it was brought. *etradeshow.com, Inc. v. Netopia, Inc.*, No. 3:03–CV–1380–K, 2004 WL 515552, at *2 (N.D. Tex. Jan 30, 2004) (Kinkeade, J.) (citing *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003)). If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, deemed to be true, that establish venue. *Id.* The court must accept uncontroverted facts in a plaintiff's pleadings as true, and resolve any conflicts in the plaintiff's favor. *Id.*

### III. DISCUSSION

#### *A. Motion to Strike*

Horseshoe first moves to strike portions of Nayani's appendix in support of its reply to Horseshoe's motion. Specifically, Horseshoe objects to (1) Nayani's affidavit, (2) an email to Nayani from Matthew Felton, and (3) pictures of Horseshoe's billboard advertisements in north Texas.

Horseshoe objects to Nayani's affidavit on several grounds. First, it objects that the affidavit contains conclusory statements. Because the Court did not rely on any of these portions of the affidavit in resolving the motion, this objection is overruled as moot. Second, Horseshoe objects to several statements in Nayani's affidavit for lack of personal knowledge. It principally objects that Nayani does not have personal knowledge of who reported the default judgment on his credit report. That issue relates to the merits of the case, not to the exercise of personal jurisdiction over Horseshoe, so it was not considered and is overruled as moot. Third, Horseshoe

objects that the affidavit's jurat identifies Aamer Ravji, Nayani's attorney, as the person who swore to the affidavit before the notary public. Because Nayani resubmitted a properly sworn affidavit, this objection is overruled as moot. Pl.'s Response to Motion to Strike 9–14.

Horseshoe next objects to an email from Matthew Felton, a Compliance Analyst at First Data Debit Services, to Nayani, because it is inadmissible hearsay and it is incomplete and unintelligible. Because the email was not relied on in Nayani's brief and relates to the merits of the case rather than the exercise of jurisdiction over Horseshoe, the email was not considered by the Court and Horseshoe's objection is overruled as moot.

Horseshoe also objects to the photographs contained in Nayani's appendix as unauthenticated. Because Horseshoe's advertising contacts with Texas were evaluated based on the advertising contracts and Johnny Bridges's deposition testimony contained in Nayani's appendix, rather than the photographs, this objection is overruled as moot.

*B. Personal Jurisdiction*

Personal jurisdiction is proper only when (1) the Texas long arm statute provides a basis for jurisdiction and (2) the exercise of jurisdiction is consistent with due process. *Revell v. Lidow*, 317 F.3d 467, 469 (5th Cir. 2002). The Texas long arm statute reaches to the limits of due process; the court therefore need only determine whether the exercise of personal jurisdiction over the defendant is consistent with due process. *Guardian Royal Exch. Assurance v. English China Clays P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

Under the Due Process Clause, personal jurisdiction is proper only if (1) the defendant has purposefully established sufficient minimum contacts with the forum state, and (2) the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial

justice. *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 108–09 (1987); *see also Guardian Royal Exch. Assurance*, 815 S.W.2d at 226  To establish these minimum contacts, the plaintiff must show that the defendant purposefully availed itself of "of the privilege of conducting activities in the forum state." *Asahi Metal Indus. Co.*, 480 U.S. at 109; *Rossi*, 2006 WL 2371307, at *2.  The plaintiff's unilateral activities in the forum are not a basis for a finding of jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296–99 (1980).

There are two categories of personal jurisdiction: general and specific.  General jurisdiction exists "when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Mink v. AAA Development Corp.*, 190 F.3d 333, 336 (5th Cir. 1999) (citations omitted); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984).  For specific jurisdiction to exist, the defendant's contacts must be purposefully directed at the forum and the plaintiff's claim must arise out of or be related to those contacts. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985).  Nayani contends that this Court may exercise both general and specific personal jurisdiction over Horseshoe.

### 1. Jurisdictional Facts

Horseshoe is a Louisiana limited liability partnership whose domicile and principal place of business is in Louisiana and whose only partner is New Gaming Capital Partnership, a Nevada limited liability partnership.  Def.'s App. 55–56.[2]  Horseshoe maintains no offices, address, or telephone number in Texas, nor does it have a bank account or own any property in Texas.  It has no designated agent for service of process in Texas, and it has never filed the necessary

---

[2] Louisiana partnership law allows a partnership to be formed with only one partner. *See* LA. REV. STAT. ANN. § 12:1304(A).

application to become a Texas partnership. Horseshoe advertises in Texas, principally on billboards in the Dallas area, as well as on the radio. Horseshoe has an agreement with Lynxx Jet International to charter an aircraft to fly customers from north Texas to its casino, and it has also transported customers, including Nayani, from north Texas to its casino by limousine. Horseshoe also entered into contracts with Junket Representatives in Texas, which Horseshoe would compensate for bringing groups of players to Horseshoe's casino, and it also directly mailed coupons and other advertisements to its Jack's Club members, including Nayani.

### 2. General Jurisdiction

Nayani first contends that this Court has general jurisdiction over Horseshoe, relying in large part on Horseshoe's advertising in north Texas. For this Court to exercise general jurisdiction over Horseshoe, its purposeful contacts with Texas must be continuous and systematic. *Mink*, 190 F.3d at 336. These contacts need not give rise to or be related to Nayani's cause of action. *Id.*

A nationwide advertising program does not support the exercise of general jurisdiction. *Bearry v. Beech Aircraft, Inc.*, 818 F.2d 370, 376 (5th Cir. 1987); *Salem v. Circus Circus Hotels*, Inc., No. 3:96–CV–2049–G, 1997 WL 102481, at * 3–4 (N.D. Tex. Feb. 28, 1997) (Fish, J.). Localized advertising campaigns, however, indicate purposeful availment and may support a finding of general jurisdiction. *Pedalahore v. Astropark, Inc.*, 745 F.2d 346, 349 (5th Cir. 1984). The court in *Pedalahore* found that Astropark had continuous and systematic contacts with the state of Louisiana based on Astropark's pervasive advertising and marketing campaigns in Louisiana, which included radio and television advertisements and advertisements in local publications. *Id.*

Several other courts have applied general jurisdiction principles to suits against out-of-state casinos with contacts similar to those Horseshoe has with Texas. In *Gorman v. Grand Casino of Louisiana, Inc.*, the Eastern District of Texas found that Grand Casino's pervasive advertising in Texas, which consisted of "widespread regional advertising on local television stations, local radio programs, advertisements in the local Yellow Pages, and numerous billboards," were continuous and systematic contacts. *Gorman v. Grand Casino of Louisiana, Inc.*, 1 F. Supp. 2d 656, 658–59 (E.D. Tex. 1998). Several other cases have applied the reasoning of *Gorman*. *See Grabert v. New Palace Casino, L.L.C.*, No. 03–CV–382, 2003 WL 21999351 (E.D. La. 2003); *Morgan v. Coushatta Tribe of Indians of La.*, 214 F.R.D. 202 (E.D. Tex. 2001). In *Grabert*, the court based its assertion of general jurisdiction over the New Palace Casino, a Mississippi L.L.C., on several contacts that the casino had with the state of Louisiana: New Palace had an advertising program aimed at Louisiana residents which included radio and print advertisements; New Palace contracted with Louisiana bus companies to transport certain patrons to their casino; and New Palace directly targeted Louisiana residents who were members of its Player's Club. *Grabert*, 2003 WL 21999351, at *3.

These contacts are similar to the contacts that Horseshoe has with Texas: Horseshoe advertised extensively in Texas on billboards and through the radio going as far back as 2000; Horseshoe contracted with Lynxx Jet International to transport its choice customers to the casino starting in January, 2006; and it directly mailed coupons and other solicitations to Texas members of Jack's Club, its exclusive club for select customers. Starting in 2005, Horseshoe also entered into several Junket Representative agreements with Texas residents, which provided that Horseshoe would compensate those representatives for bringing groups of players to

7

Horseshoe's casino.[3]

These contacts are continuous and systematic and by those contacts, Horseshoe purposefully availed itself of the privilege of doing business in Texas. *See Morgan*, 214 F.R.D. at 206; *Gorman*, 1 F. Supp. 2d at 659. Therefore, this Court may exercise personal jurisdiction over Horseshoe consistent with due process, if doing so would not offend traditional notions of fair play and substantial justice.

### 3. Specific Jurisdiction

Specific jurisdiction is proper so long as the defendant purposefully established sufficient minimum contacts with the forum state and the plaintiff's cause of action arises out of or is related to those contacts. *Rudzewicz*, 471 U.S. at 472; *Gorman*, 1 F. Supp. 2d at 658. The Texas long arm statute explicitly authorizes personal jurisdiction over a party who "commits a tort in whole or in part in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2). The Supreme Court has recognized that when a tortfeasor commits an intentional, tortious act that is expressly aimed at the forum state and the tortfeasor knows that the victim will bear the brunt of the effects of the act in that state, the tortfeasor must reasonably anticipate being haled into the forum state to answer for that action. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984). An act committed outside the state will suffice to establish minimum contacts in a suit for the consequences of that act "if the effects are seriously harmful and were intended or highly likely to follow." *Guidry v.*

---

[3] Horseshoe relies on the fact that all of the contracts between it and its advertisers, Lynxx, and Junket Representatives provided that the other parties were independent contractors, not agents, to argue that general jurisdiction cannot be found on the basis of these contacts. The case law does not make such a distinction. *See, e.g.*, *Loumar, Inc. v. Smith*, 698 F.2d 759, 764 (5th Cir. 1983) ("[T]he defendant's 'decision to advertise in Texas . . . , *in and of itself*, is a sufficiently purposeful act'") (citations omitted); *Gorman*, 1 F. Supp. 2d at 659 (applying *Loumar* to general jurisdiction).

*U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999).

The *Calder* effects test is not a substitution for minimum contacts, but is "to be assessed as *part* of the analysis of the defendant's relevant contacts with the forum." *Panda Brandywine Corp.*, 253 F.3d at 869. The focus is still on the relationship between the defendant, the forum, and the litigation. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984); *Skidmore Energy, Inc. v. KPMG*, No. 3:03–CV–2138, 2004 WL 2804888, at *5 (N.D. Tex. Dec. 3, 2004).

There is a significant connection between Horseshoe, Texas, and Nayani's claim allowing the exercise of specific jurisdiction. First, Horseshoe purposefully solicited Nayani's business, by providing him with limousine transportation from north Texas to its casino and mailing vouchers and coupons to him at his home in north Texas. Pl.'s App. 499–503. Second, Horseshoe entered into contracts with Nayani regarding his credit limit, and made him a member of Jack's Club. These contracts and Horseshoe's solicitation of Nayani gave rise to Nayani's claim, so they are properly considered in the specific jurisdiction inquiry. Finally, it is alleged that Horseshoe wrongfully reported this large judgment on Nayani's credit report (and failed to remove it from his credit report when requested), injuring both his business and his reputation in Texas. Horseshoe knew that Nayani was a resident of Texas, and it was foreseeable and highly likely that Nayani would bear the brunt of the effects of this action in Texas. Thus, it was foreseeable that Horseshoe would be haled into Texas to account for that injury. These contacts are sufficient to exercise specific jurisdiction over Horseshoe so long as doing so would not offend traditional notions of fair play and substantial justice.

### 4. Fairness of Exercising Jurisdiction Over Horseshoe

The Court must next determine whether the exercise of personal jurisdiction over a

nonresident defendant would offend traditional notions of fair play and substantial justice. *Asahi*, 480 U.S. at 113. In making this determination, courts are to consider such factors as

> the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Id.* (citations omitted).

The burden on Horseshoe of litigating this claim in Texas is relatively modest. Louisiana borders Texas, Dallas is less than two-hundred miles from Horseshoe's casino, and a number of witnesses and documents are in Texas. Second, the state of Texas has a legitimate interest in a suit involving one of its citizens, who was "enticed to the casino by Defendant's advertising" in Texas. *Gorman*, 1 F. Supp. 2d at 659. Third, Nayani, who resides in the Dallas area, has an interest in litigating this dispute close to his home. Although this litigation could perhaps be more efficiently litigated in Louisiana, where the underlying lawsuit is still pending, both Texas and Louisiana have a shared interest in efficiently and fairly adjudicating this controversy. Because only one of the five factors weighs against the exercise of personal jurisdiction over Horseshoe, doing so does not offend traditional notions of fair play and substantial justice. Therefore, Horseshoe's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

## C. Improper Venue

Horseshoe moves in the alternative to dismiss this case under Federal Rule of Civil Procedure 12(b)(3) because venue is improper.[4] Horseshoe contends that venue can only be proper in a state or federal court in Louisiana based on the forum selection clause in the Credit

---

[4] Although Horseshoe makes no reference to it, the Court infers from its briefing that it seeks dismissal under 28 U.S.C. § 1406(a).

Application and Credit Line Increase forms that Nayani entered into with Horseshoe. The forum selection clause states:

> In the event a legal action is brought to collect any amounts owed, I agree: (1) To submit to the jurisdiction of any state or federal court in Louisiana; (2) That said action shall be governed by the laws of the State of Louisiana.

Def.'s Motion to Dismiss App. 50.

A case filed in an improper venue must be dismissed, unless the Court determines that it is in the interests of justice to transfer the case to the district or division in which venue would be proper. 28 U.S.C. § 1406(a). In the context of a section 1406(a) motion to dismiss, a forum-selection clause is "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Pugh v. Arrow Electronics, Inc.*, 304 F. Supp. 2d 890, 892–93 (N.D. Tex. 2003) (Solis, J.) (quoting *Int'l Software Systems v. Amplicon*, 77 F.3d 112, 114–15 (5th Cir. 1996)).

### 1. Applicability of the Forum Selection Clause

The forum selection clause in the agreements between Nayani and Horseshoe is limited to suits brought by Horseshoe to collect any amounts owed by Nayani. Horseshoe argues that the principles of comity and judicial administration support application of the forum selection clause to this suit, based on the substantial overlap between the Louisiana lawsuit, which is directly controlled by the forum selection clause, and this suit.

The Court must first determine whether the forum selection clause is mandatory or permissive. "Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory." *Aerus L.L.C. v. Pro Team, Inc.*, No. 3:04–CV–1985, 2005 WL 1131093, at *4 (N.D. Tex. May 9, 2005) (Lynn, J.) (citations

11

omitted). A permissive forum selection clause, however, only permits jurisdiction in the designated forum; it does not prohibit jurisdiction elsewhere. *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 560 (N.D. Tex. 2003); *see also Aerus L.L.C.*, 2005 WL 1131093, at *4. Only if the clause is mandatory have the parties waived the right to bring the suit in another jurisdiction. *Aerus L.L.C.*, 2005 WL 1131093, at *4. For a forum selection clause to be mandatory, "it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). The clause must do more than establish that one forum will have jurisdiction. *Id.*

The forum selection clause at issue in this case does no more than establish that jurisdiction is proper in Louisiana state and federal courts; it does not make that forum exclusive. "[W]here only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Aerus L.L.C.*, 2005 WL 1131093, at *4 (quoting *K&V Scientific Co. v. Bayerische MotorenWerke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002)). The forum selection clause in the agreements between Nayani and Horseshoe did not include any mandatory language, and only establishes that Nayani agreed to submit to the jurisdiction of Louisiana courts, not to make that jurisdiction exclusive. Therefore, the clause is permissive and does not render venue in this Court improper. *See City of New Orleans*, 376 F.3d at 504.[5]

---

[5] Because the Court finds the clause permissive, it does not reach the issue of whether this cause of action is within the scope of the forum selection clause.

12

## 2. Relationship of the Claims

The Court now considers the relationship between the claims. Horseshoe urges that there is substantial overlap between the Louisiana lawsuit and this claim and that principles of comity mandate this Court dismiss Nayani's suit.

The Fifth Circuit follows the first-to-file rule, which "permits a District Court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Trinity Indus., Inc. v. 188 L.L.C.*, No. 3:02–CV–405, 2002 WL 1991082, at *2 (N.D. Tex. Aug. 27, 2002) (Sanders, J.) (citations omitted); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). However, the first-to-file rule applies only to cases pending in two federal district courts, not to a first–filed action in state court and a second–filed action in a federal district court. *Am. Bankers Assurance Co. of Fla. v. Overton*, 128 Fed. Appx. 399, 403 (5th Cir. 2005) ("[T]he "first-to-file" rule applies only when two similar actions are pending in two *federal* courts") (citations omitted). The first-to-file rule is therefore inapplicable to this case.

## 3. Proper Venue Under 28 U.S.C § 1391

Since Nayani did not waive his right to bring this action in this forum by agreeing to the forum selection clause, the Court must analyze whether venue is proper under 28 U.S.C. § 1391. In a suit where jurisdiction is premised on diversity of citizenship, venue is proper

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). For venue purposes, a corporation resides in any judicial district in which it

is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Although section 1391(c) appears to apply only to corporations, unincorporated associations such as partnerships are analogous to corporations for venue purposes. *Penrod Drilling Co. v. Johnson*, 414 F.2d 1217, 1220–21 (5th Cir.1969) (discussing *Denver & Rio Grande W. R.R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560–64 (1967)). When a corporate defendant is subject to personal jurisdiction in a multidistrict state such as Texas, that corporation resides "in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." 28 U.S.C. § 1391(c).

Horseshoe is the only defendant in this action, it is subject to personal jurisdiction in Texas, and its contacts with the Northern District of Texas are sufficient to subject it to personal jurisdiction as if it were a separate state; therefore, for venue purposes, Horseshoe resides in the Northern District of Texas. Therefore, venue is proper under section 1391(a)(1) and Horseshoe's motion to dismiss for improper venue is **DENIED**.

### *D. Principles of Comity*

In a footnote in its brief, Horseshoe urges that "principles of comity and sound judicial administration support the dismissal of this matter." Nayani's claim may be a reconventional demand[6] that should have been asserted in the Louisiana lawsuit, and if so, the Court may be advised to dismiss the claim based on principles of comity. However, neither issue has been analyzed by counsel. The Court will allow supplemental briefing on these narrow issues on an expedited schedule. Defendant shall have until April 18, 2007, to file a brief of no longer than

---

[6] A reconventional demand is the Louisiana counterpart to a compulsory counterclaim under Federal Rule of Civil Procedure 13(a).

ten pages and to hand deliver or fax the brief to Plaintiff's counsel.  Plaintiff shall have until April 25, 2007, to respond, with a brief of no longer than ten pages.  No reply shall be permitted.

## IV. CONCLUSION

For the foregoing reasons, Horseshoe's motion to dismiss for lack of personal jurisdiction and improper venue is **DENIED**.  The Court reserves its right to dismiss Nayani's claim against Horseshoe as a matter of comity, once it considers supplemental briefing on the issue of whether dismissal is appropriate if the Court finds that Nayani's claim is a reconventional demand under Louisiana law.

**SO ORDERED.**

**DATED**: April 10, 2007.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**